WO                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerrod Len B.B. Booth, | No. CV 10-2225-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Unknown Parties, et al., | |
| Defendants. | |

On October 19, 2010, Plaintiff Jerrod Len B.B. Booth, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a "Motion For Temporary Restraining Order" (Doc. 3).  Plaintiff did not pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed November 2, 2010 (Doc. 4), the Court gave Plaintiff 30 days from the filing date of the Order to pay the fee or file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement. On November 30, 2010, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 5) and a "Certified Statement Of Account" (Doc. 6).

**I.     Three Strikes Provision 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this provision has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

A search of the Court's docket reveals that Plaintiff has filed at least 43 other lawsuits while he has been a prisoner. At least 4 of his prior actions were dismissed for failure to state a claim. See Booth v. Stewart, CV-02-2332-PHX-MHM (DKD) (D. Ariz. Order of dismissal filed February 13, 2003); Booth v. Schriro, CV-04-2347-PHX-MHM (DKD) (D. Ariz. Order of dismissal filed August 31, 2005); Booth v. Schriro, CV-04-2807-PHX-MHM (DKD) (D. Ariz. Order of dismissal filed March 15, 2006); and Booth v. Schriro, CV-05-105-PHX-MHM (DKD) (D. Ariz. Judgment of dismissal filed April 27, 2006). Therefore, Plaintiff may not bring any civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.  No Imminent Danger of Serious Physical Injury Allegation

Plaintiff does not allege in the Complaint that he is in imminent danger of serious physical injury, and the facts as presented by Plaintiff would not support such an allegation. Accordingly, Plaintiff is not entitled to proceed *in forma pauperis*, and his Complaint and this action must be dismissed without prejudice for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his new action.

## III.  Motion for Temporary Restraining Order

In light of the dismissal of the Complaint and this action, Plaintiff's "Motion For Temporary Restraining Order" (Doc. 3) will be denied as moot.

**IT IS ORDERED**:

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 5) is **denied**.

(2) Plaintiff's "Motion For Temporary Restraining Order" (Doc. 3) is **denied as moot**.

- 2 -

1     (3)    The Complaint (Doc. 1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) **without prejudice** to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

    (4)    The Clerk of Court **must enter judgment** accordingly and **close** this file.

DATED this 5th day of January, 2011.

_____
Mary H. Murguia
United States District Judge

- 3 -